UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TILTON JACK,

                              Plaintiff,

        -against-                                          MEMORANDUM
                                                          AND ORDER

GOLDEN FIRST MORTGAGE CORP.,
MICHAEL GOLTCHE, MORTGAGE                                  07 CV 3088 (JG) (RML)
ELECTRONIC REGISTRATION
SYSTEMS, INC., CITIBANK, N.A., and
DEUTSCHE BANK NATIONAL TRUST
CO.,

                              Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

                The motion at bar arises from a discovery dispute between plaintiff Tilton Jack

("plaintiff") and defendant Golden First Mortgage Corporation ("Golden First").  On November

19, 2007, plaintiff served a set of interrogatories and document requests on Golden First.  On

January 10, 2008, Golden First submitted responses to the requests, but failed to produce

numerous relevant documents.  (See Motion to Compel Discovery, dated May 16, 2008 ("Mot.

Compel"), 1.)  Rather, Golden First informed plaintiff that it would make documents responsive

to plaintiff's discovery requests 3, 5, 14, and 17 available for inspection and copying at Golden

First's premises at a mutually agreeable date and time.  (See Declaration in Opposition to

Attorneys' Fees, dated June 24, 2008 ("Golden First Opp'n"), ¶ 4; Mot. Compel 1.)  Plaintiff

repeatedly attempted without success to arrange an opportunity with Golden First to inspect

these documents.  (See Mot. Compel 1-2.)  Subsequently, plaintiff filed a motion to compel

discovery pursuant to Federal Rule of Civil Procedure 37(a)(3), requesting "that the Court issue

an order requiring Golden First to produce copies of the documents that it has identified as

responsive to Requests 3, 5, 14, and 17." (Mot. Compel 2-3.) Golden First filed no response, and I granted the motion. (See Order, dated June 3, 2008; Golden First Opp'n ¶¶ 5, 7.)

Plaintiff now moves pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure for an award of attorney's fees incurred in securing First Golden's compliance with his discovery requests. (See generally Declaration of Jessica Attie in Support of Plaintiff's Application for Attorney's Fees Pursuant to the Court's June 3, 2008 Order, dated June 19, 2008 ("Pl. Application").) For the reasons given below, plaintiff's motion is granted.

## DISCUSSION

If a court grants a party's motion to compel discovery, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed R. Civ P. 37(a)(5)(A) (emphasis added).

Golden First does not object to producing the documents, and the record demonstrates that plaintiff repeatedly attempted to obtain the discovery prior to filing its motion to compel. (See Mot. Compel 1-2; Golden First Opp'n ¶ 7.) The first two exceptions to the court's granting plaintiff attorney's fees therefore do not apply. Fed. R. Civ. P. 37(a)(5)(A)(i) & (ii). However, Golden First contends that awarding attorney's fees would prove unjust, as such an award would be "disproportionate to the actual nature of the issue." (Golden First Opp'n ¶ 9.)

First, it asserts that the discovery at issue consisted of "a small and seemingly miscellaneous category of documents pertaining to this action" and that, consequently, the failure to produce them was only a *de minimus* transgression of discovery rules. (Golden First Opp'n ¶ 7.) However, Golden First's characterization of the documents is immaterial. The scope of discovery generally encompasses any matter "which is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence." Fleming v. City of New York, No. 01 Civ. 8885, 2007 WL 4302501, at *2 (S.D.N.Y. Dec. 7, 2007) (citing Fed. R. Civ. P. 26(b)). That productions sought by a party do not lie at the heart of its argument or ultimately do not benefit its case does not mitigate an opposing party's duty to disclose.

Golden First also objects that it informed plaintiff that it would make the discovery productions "available for inspection and copying at its office." (Golden First Opp'n ¶ 4.) According to Golden First, this offer shows that it did not "fail[] to respond to inspection" requests from plaintiff or impede inspection of the documents; thus, Golden First complied with its discovery responsibilities. (Golden First Opp'n ¶ 4.) However, as plaintiff demonstrated in his unopposed motion to compel, he repeatedly attempted to secure access to the documents, but could not. (See Mot. Compel 1-2.) Under the Federal Rules of Civil Procedure, such obstacles qualify "as a failure to disclose, answer, or respond," Fed. R. Civ. P. 37(a)(4), and therefore constitute legitimate grounds for moving to compel discovery. See Fed. R. Civ. P. 37(a)(3)(B). In these circumstances, I find that awarding plaintiff attorney's fees is warranted.

The amount of attorney's fees that plaintiff will recover is "determined by the lodestar analysis, whereby the number of billable hours are [sic] multiplied by counsel's

reasonable billing rate." Fleming, 2007 WL 4302501, at *3 (citing LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763-64 (2d Cir. 1998) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983))). In calculating a "presumptively reasonable" fee award, the court first must establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2007). Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter. Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997). The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) (citing Hensley, 461 U.S. at 437).

Here, I find plaintiffs' counsel's average hourly rate, $300 for a litigation attorney with eight years of experience, reasonable and in line with rates awarded in this region to counsel with comparable experience. See, e.g., Diaz v. Paragon Motors of Woodside, Inc., No. 03 CV 6466, 2007 WL 2903920, at *4 (E.D.N.Y. Oct. 1, 2007) (noting that eighth-year associates billed from $310 to $375 per hour); Malletier v. Dooney & Bourke, Inc., No. 04 Civ. 5316, 2007 WL 1284013, at *4 (S.D.N.Y. Apr. 24, 2007) (awarding $400 hourly rate to fifth-year associates in discovery dispute); Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048, 2007 WL 1373118, at *4 (S.D.N.Y. May 8, 2007) (awarding sixth-year associate hourly rate of $300).

With respect to the time that plaintiff's counsel expended on the motion to compel, the court will deem "the number of hours . . . unreasonable if it is excessive, redundant or otherwise unnecessary." Bourgal v. Atlas Transit Mix Corp., No. 93 CV 0569, 1996 WL

75290, at *7 (E.D.N.Y. Feb. 7, 1996).  Plaintiff's counsel spent 3.75 hours preparing and filing the motion.  (See Pl. Application Ex. A.)  Counsel's work included drafting and editing the motion, seeking and incorporating edits from fellow counsel, conducting legal research, and drafting correspondence.  In light of previous awards in this district for motions of a similar complexity, I find 3.75 hours reasonable.  See Del Turco v. Taylor Tile Co., No. 03 CV 5543, 2007 WL 2581882, at *6 (E.D.N.Y. Aug. 6, 2007); LaBarbera v. David Liepper & Sons, Inc., No. 06 CV 1371, 2006 WL 2423420, at *5 (E.D.N.Y. July 6, 2006).  Therefore, I find that plaintiff should be awarded $1,125 in attorney's fees.

## CONCLUSION

For the reasons above, it is ordered that plaintiff's application for attorney's fees is granted and that Golden First Mortgage Corporation shall pay plaintiff $1,125.

SO ORDERED.

Dated:  Brooklyn, New York
          July 11, 2008

                                                    _____/s/_____
                                                    ROBERT M. LEVY
                                                    United States Magistrate Judge